**KENTUCKY BAR ASSOCIATION, Appellant,**

v.

**Jason Greg AMICK, KBA Member No. 88673, Appellee.**

**No. 2004–SC–0588–KB.**

Supreme Court of Kentucky.

Oct. 21, 2004.

---

3. SCR 3.370(10).

Bruce K. Davis, Executive Director, Kentucky Bar Association, Frankfort, Counsel for Appellant.

Jason Greg Amick, Sacramento, CA, Counsel for Appellee.

## OPINION AND ORDER

Jason G. Amick, KBA No. 88673, of Sacramento, California, was charged by the Inquiry Commission with the following two violations:

1) SCR 3.130–1.3, failure to act with diligence and promptness when representing a client; and, 2) SCR 3.130–8.3, engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

In April 2002, Matt Burton asked Amick to represent him in obtaining the return of his car from a mechanic shop. Burton told Amick that he had paid all repair bills but that the shop still held the vehicle. Although no written fee agreement was ever signed, Amick agreed to represent Burton for a one-third contingency fee. Amick never filed a lawsuit or took any action on Burton's behalf but assured Burton over several months that it had been filed. Later, Amick told Burton that the case had been settled. Burton bought a new car based on this representation. Amick met with Burton to celebrate at which he explained that someone from his office would contact him about the settlement. Then in October 2002, Burton was told that the check had been lost in the mail. A few weeks later, on November 15, Burton confronted Amick about the missing check and Amick admitted that no settlement existed, no lawsuit was filed, nor had he ever contacted the company. Amick's law firm, after releasing Amick, agreed to handle Burton's case. On February 13, 2003, a bar complaint was filed against Amick.

On March 3, 2003, a Complaint was sent certified mail to Amick. He responded on March 21, 2003, accepting responsibility for his actions. Letters were sent back and forth and the Bar Association reported that on August 1, 2003, Amick denied substance addiction and inquired if there was anything that could be done to expedite the disciplinary process. Amick also noted a change of address in this letter. The Inquiry Commission issued a charge on September 4, 2003, but sent the charge to his previous address. No answer was filed. Then, service was attempted at the new address, but the letter was returned with "insufficient address". After serving the Secretary of State, and the restricted delivery being returned as not deliverable as addressed, the case proceeded as a default proceeding on May 14, 2004.

In the meantime, on January 16, 2004, Amick had been suspended for non-compliance with minimum continuing legal education requirements for 2002–2003.

On these facts, the Board voted 17–0 for guilt on Charges 1 and 2. The Board then voted 14–3 to impose a 181 day suspension with a referral to the Kentucky Lawyers' Assistance Program. Amick has not filed for review by this Court pursuant to SCR 3.370(8).

Upon the foregoing facts and charges, it is ordered that the recommendations of

the Board of Governors be adopted. Therefore, it is ORDERED that:

1. Jason G. Amick is hereby suspended from the practice of law in Kentucky for a period of 181 days with a referral to the Kentucky Lawyers' Assistance Program. The suspension is to run consecutively to any other imposed suspensions, and shall continue thereafter until the respondent is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

2. Pursuant to SCR 3.450, Amick is directed to pay all costs associated with these disciplinary proceedings in the amount of $125.28, for which execution may issue from this Court upon finality of the Opinion and Order.

3. Pursuant to SCR 3.390, Amick shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

4. Amick is also ordered to immediately cancel any and all advertising in which he may be engaged to the extent possible.

All concur.

ENTERED: October 21, 2004.

/s/ Joseph E. Lambert
CHIEF JUSTICE